The opinion of the Court was delivered by
O’Neall, J.,
[who, after holding, that the order authorizing the late Master to sell, expired by its own limitation after the second Monday in February, 1830; and that the second order vacated the first, so far as it directed the Master to sell, and substituted the Commissioner in his place; proceeded as follows.] Notwithstanding these-views would dispose of the case, yet it is deemed to be best to decide the question, whether the duties and privileges of a Master or Commissioner in Equity do not expire with his term of office? That they do, would not admit of a question, were it not for the decision of the late Court of Appeals, in the case of Hunt vs. Elliott, (Bail. Eq. 90.) For the Judges who decided that case, both on account of their learning and experience, I have always entertained a high respect; but it is due both to the State and ourselves, that error should not be perpetuated merely because it has the sanction of the authority of wise and learned men. Error is the lot of every human tribunal; and its correction when palpable, both in ourselves and in our predecessors, seems to me a duty as paramount as that of deciding according to law.
The Master in Equity holds his office for four years ; within that period, he is entitled to all its privileges, and is bound to discharge all its duties. The privilege and duty of an officer necessarily depend upon each, other: one cannot exist without the other. The moment the office ceases, its future duties are terminated, and of course also its privileges must cease.
The office of a Master or Commissioner, does not, like a Sheriff’s levy at common law, vest the property in him for sale. *229 He is merely the agent of the Court, to execute a decree of sale: he must act within the power conferred on him, or his acts will be set aside: in strict practice, he ought to report his sales, and have them confirmed before he executes a title. The fees of officers of the Courts of either law or Equity, are compensations for services rendered. So far as they act, these must be paid to them; but when they have not performed a service, I am at a loss to discover a reason why they should' be paid for it. Their right to fees depends upon the office. So long as it continues, and services are rendered, the officer is entitled to payment; when his office ceases, the fees afterwards accruing in a cause, belong to his successor.
The commissions on a sale belong to the officer who makes it: although his successor may be compelled to collect and pay over the money, he is entitled to no part of the compensation allowed for selling. He is surely, therefore, entitled to the commissions, who both sells and collects.
The circuit decree is reversed, and the rule dismissed.
JoriNsoN and Harper, JJ., concurred.

Decree reversed.